IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | : |  |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civil Action File No.: 1:11-CV-3851-TWT-SSC |
| ABDI KAYAD "And All Others," | : | |
| Defendants. | : | |

## ORDER and FINAL REPORT AND RECOMMENDATION

Defendant Abdi Kayad, proceeding *pro se*, seeks leave to remove this civil action from the Magistrate Court of DeKalb County, Georgia, to this court [see Notice of Removal attach. to Doc. 1) without prepayment of fees or security therefor pursuant to 28 U.S.C. § 1915(a). After consideration of Defendant's affidavit in support of his Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 1], the court **GRANTS** Defendant's request to proceed *in forma pauperis* for the limited purpose of determining whether this action has been properly removed to this court.

## Discussion

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Thus, "a district court must always answer the question of whether it has subject matter jurisdiction to hear a case, even if no party raises the question of jurisdiction by motion." HSBC Mortg. Servs., Inc. v. Cunningham, No. 1:07-cv-02480-WSD-JFK, 2007 U.S. Dist. LEXIS 79205, at *3-4 n.2 (N.D. Ga. Oct. 12, 2007). The party seeking removal has the burden of demonstrating that federal jurisdiction exists, Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001), and "uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). In the absence of diversity of citizenship, federal-question jurisdiction pursuant to 28 U.S.C. § 1331 is required. Id.[1] "The well-pleaded complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331," and that rule "governs whether a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a)." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 and n.2 (2002). The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded

---

[1] Defendant does not assert that he seeks removal of this case based on diversity of citizenship; instead, he relies on federal question jurisdiction pursuant to 28 U.S.C. § 1331. (See Notice of Removal at ¶ 6).

2

complaint." Caterpillar, Inc., 482 U.S. at 392.

Furthermore, a defendant's counterclaims, defenses or potential defenses, even if they arise under federal laws or the United States Constitution, are ignored in determining whether a federal question has been raised by the plaintiff's complaint. See Holmes Grp., 535 U.S. at 831 ("[A] counterclaim -- which appears as part of the defendant's answer, not as part of the plaintiff's complaint -- cannot serve as the basis for 'arising under' jurisdiction."); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) ("To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses."); Pan Am. Petroleum Corp. v. Superior Court of Del., 366 U.S. 656, 663 (1961) (noting that if the plaintiff does not raise a federal question in the complaint, "it is no substitute that the defendant is almost certain to raise a federal defense"); Bd. of Educ. of Atlanta v. Am. Fed'n of State, Cnty. & Mun. Employees, 401 F. Supp. 687, 690 (N.D. Ga. 1975) ("Stated simply, a federal district court's original federal question jurisdiction must be posited upon the plaintiff's pleading of his own case, and not by defendant's response or even plaintiff's anticipation of a federal element in that response.").

In the instant case, Defendant seeks to remove to this court a dispossessory action filed in the Magistrate Court of DeKalb County, Georgia. (See Dispossessory Warrant, Ex. B to Doc. 1). The face of the Dispossessory Warrant indicates no federal question, however. In his Notice of Removal to Federal Court, Defendant appears to complain, *inter alia*, that the dispossessory action violates the United States Constitution and federal statutes. (See Notice of Removal attach.

to Doc. 1 at ¶¶ 4-6). However, those claims were not raised by Plaintiff in the underlying action, and those possible counterclaims or defenses do not provide a basis for removing the dispossessory proceeding to this court.

Defendant has failed to demonstrate that this court has subject matter jurisdiction over this action, and thus removal of it is improper. The undersigned therefore **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of DeKalb County. See, e.g., Rogers v. Rucker, 835 F. Supp. 1410, 1413 (N.D. Ga. 1993) (remanding case for lack of jurisdiction because "[n]owhere[] on the face of the complaint[] can a federal question be derived," and "defendant's counterclaims, alleging violations of the Fair Housing Act, are ineffective in overcoming the limitations of the well-pleaded complaint rule").

The Clerk of the Court is **DIRECTED** to terminate referral of this action to the undersigned magistrate judge.

**IT IS SO ORDERED, REPORTED AND RECOMMENDED** this 27th day of December, 2011.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge